Clifford P. Bendau, II
The Bendau Law Firm, PLLC
6350 E. Thomas Rd., Ste. 330
Scottsdale, AZ 85251
Arizona State Bar No.: 030204
Phone: (480) 296-7887
Fax: (480) 429-3679
E-mail: cliffordbendau@bendaulaw.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Ms. Sarosha Hogan, an individual, | ) |
| | ) Case No.: _____ |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) |
| American Multi-Cinema, Inc., d/b/a | ) |
| AMC Theatres Esplanade 14 | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

COMES NOW Plaintiff, Sarosha Hogan ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendant, American Multi-Cinema, Inc. d/b/a AMC Theatres Esplanade 14 ("Defendant"), and alleges as follows:

-1-

1. At all material times hereto, Plaintiff is an individual residing in Maricopa County, Arizona.

2. At all material times hereto, Defendant was a corporation duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, AZ.

3. Plaintiff had been an hourly employee for Defendant in Phoenix, Arizona for approximately six months. Plaintiff was hired on or about approximately August 1, 2011 and ceased employment with Defendant on or about approximately January 31, 2012.

4. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 201, *et seq*.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

**BACKGROUND**

7. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. See 29 U.S.C. § 206(a) [Section "206(a)"]. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## NATURE OF THE CLAIM

8. Upon information and belief, Defendant is the owner of American Multi-Cinema, Inc. d/b/a AMC Theatres Esplanade 14, a movie theater, restaurant and bar located in Phoenix, Arizona.

9. Plaintiff was employed as a bartender by Defendant, and was a Tipped employee as defined by the FLSA at 29 U.S.C. § 203, from approximately on or about August 1, 2011 through approximately on or about January 31, 2013.

10. Rather than pay its tipped employees the applicable State minimum wage, for the time Plaintiff was paid an hourly wage, Defendant imposed a tip credit upon Plaintiff at below the applicable minimum wage.

11. As a result of Defendant's imposition of a tip credit, Plaintiff was forced to perform minimum wage work at an hourly rate that was less than minimum wage.

12. In addition to tipped work, Plaintiff was required by Defendant to perform non-tipped work for which Plaintiff was paid at the reduced tip credit rate, in willful violation by Defendant of the FLSA. Examples of non-tipped work include, but are not limited to: preparatory and workplace maintenance tasks such as maintaining "backups," restocking supplies, stocking ice, sweeping floors, stocking food/condiments, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, cutting/stocking lemons, washing plates/glasses/silverware, polishing glassware, taking out trash, scrubbing walls, cleaning, and dusting.

13. The non-tipped work for which Plaintiff was paid at a reduced rate exceeded twenty percent (20%) of Plaintiff's time at work.

14. As a result, Plaintiff is entitled to at least the applicable minimum wage for such time worked, without applying the tip credit.

15. Defendant, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direct of defendant.

17. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18. Although at this stage, Plaintiff is unable to state the exact amount owed, Plaintiff believes that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

19. Plaintiff has satisfied all preconditions to suit.

## COUNT I

## FAIR LABOR STANDARDS ACT: MINIMUM WAGE

COME NOW, Plaintiff, Sarosha Hogan, individually, stating:

20. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

22. Plaintiff brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff during Plaintiff's employment.

23. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

-5-

24. In addition to tipped work, Plaintiff was required to perform non-tipped work for which Plaintiff was paid at a reduced tip rate. Examples of non-tipped work include, but are not limited to: preparatory and workplace maintenance tasks such as maintaining "backups," restocking supplies, socking ice, sweeping floors, stocking food/condiments, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, cutting/stocking lemons, washing plates/glasses/silverware, taking out trash, scrubbing walls, and dusting.

25. In both policy and practice, Defendant regularly and consistently required Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during, and after scheduled shifts. As such, full minimum wage for such time is owed to Plaintiff.

26. Additionally, Defendant required Plaintiff to perform tasks belonging to an entirely different category of employment unrelated and not incidental to tipped service, such as maintenance and cleaning, for which full minimum wage is required under the FLSA. Defendant, however, took a tip credit from Plaintiff's wages for time spent performing such "dual occupational" labor; thus, Plaintiff was not compensated the full minimum wage.

27. Defendant's conduct constitutes a willful violation of the FLSA.

28. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing side work in excess of twenty percent (20%).

29. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks.

30. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

31. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of Defendant.

32. Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Sarosha Hogan, individually, requests that this Court enter Judgment against Defendant, American Multi-Cinema, Inc. d/b/a AMC Theatres Esplanade 14, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment

1  interest, reasonable attorney fees, costs, and disbursements of this action, and
2  any additional relief this Court deems just and proper.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this ___ day of _____, 201__.

                          THE BENDAU LAW FIRM, PLLC

                          By: /S/ Clifford P. Bendau, II    /
                          Clifford P. Bendau, II
                          The Bendau Law Firm, PLLC
                          Attorney for Plaintiff
                          Arizona Bar number: 030204
                          6350 E. Thomas Rd., Ste. #330
                          Scottsdale, Arizona 85251
                          Phone:       (480) 296-7887
                          Fax:           (480) 429-3679
                          cliffordbendau@bendaulaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system on this 10th day of January, 2014, which will send notice of electronic filing to all counsel of record.

By: /S/ Clifford P. Bendau, II     /
Clifford P. Bendau, II
The Bendau Law Firm, PLLC
Attorney for Plaintiff
Arizona Bar number: 030204
6350 E. Thomas Rd., Ste. #330
Scottsdale, Arizona 85251
Phone:     (480) 296-7887
Fax:         (480) 429-3679
cliffordbendau@bendaulaw.com