Tracy A. Miller, SBN 015920
Alexandra J. Gill, SBN 027506
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., #00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Tracy.Miller@ogletreedeakins.com
Alexandra.Gill@ogletreedeakins.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarosha Hogan, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>American Multi-Cinema, Inc., d/b/a AMC Theatres Esplanade 14,<br><br>        Defendant. | No. CV-14-00051-PHX-SMM<br><br>**JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL OF ACTION WITH PREJUDICE** |

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Sarosha Hogan, Nicholas Jackson, Skylar Vazquez, Thomas Armstrong, Philip Todd, Maria Hurkmans and Defendant American Multi-Cinema Incorporated ("Defendant") jointly move the Court to approve the parties' proposed settlement and dismiss this action in its entirety, with prejudice.

## **MEMORANDUM OF LAW**

### I.  BACKGROUND

Plaintiffs initiated this action on January 10, 2014 by each filing a complaint alleging Defendant failed to pay them the required federal minimum wage in violation of the Fair Labor Standards Act ("FLSA"). Doc. 1. Subsequently, the complaints were consolidated for discovery purposes.  Doc. 20.  After the exchange of information, the

dismissal of this action in response to Defendant's Motion for Judgment (Doc. 30), an appeal and remand, and ongoing settlement discussions, the parties reached a proposed settlement, which is set forth in full in the attached Settlement Agreement and Waiver of Claims. *See* Exhibit 1. The parties respectfully submit that the terms of the settlement are fair and reasonable, and resolve a bona fide dispute between the parties with respect to liability and damages.

## II. THE SETTLEMENT

"Generally, district courts do not rule on a private settlement agreement negotiated between the parties in a civil action for damages. If, however, a plaintiff brings an FLSA action, the parties must seek approval of the settlement agreement to ensure that it is enforceable and fair." *Fontes v. Drywood Plus, Inc.*, No. CV-13-1901-PHX-LOA, 2013 WL 6228652, at *5 (D. Ariz. Dec. 2, 2013) (citing *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013)).[1]

> In reviewing a private FLSA settlement, the district courts obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes. Thus, in reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute.

*Id.* at *6 (quoting *Goudie v. Cable Commc'ns, Inc.*, 2009 WL 88336, at * 1 (D.Or. Jan. 12, 2009)) (internal quotations and alterations omitted). Court approval is favored "to promote the policy of encouraging settlement of litigation," where the settlement reflects "a reasonable compromise over issues . . . that are actually in dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Such is the case here.

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Montoya v. 3PD, Inc.*, No. CV-13-8068-PCT-SMM, 2015 WL 11089514, at *1 (D. Ariz. July 27, 2015) (citing *Ambrosino v. Home Depot U.S.A., Inc.*, No. CV 11-1319, 2014 WL 3924609 (S.D. Cal. Aug. 11, 2014); *Hand v. Dionex Corp.*, No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007)).

This case arises from Plaintiffs' claims that they regularly performed non-tipped labor in excess of 20% of the time that they worked for Defendant, and their assertion that Defendant improperly paid them at the reduced tip credit rate during these work hours. Defendant disputes this, and further disputes that Plaintiffs have properly stated an FLSA claim, since they do not allege that during any particular workweek, the average of their hourly wages (with tips) was less than the federal minimum wage. Nonetheless, to bring this longstanding action to a conclusion, Defendant has agreed to pay a total of $17,250 to settle Plaintiffs' claims with the payment allocated as follows: (1) $700 payable to each Plaintiff, split equally between W-2 wages (for back wages) and 1099 income (for the liquidated damages), and (2) $13,050.00 payable to Plaintiffs' counsel for attorneys' fees and costs.

The settlement here reflects a reasonable compromise of the issues including the applicability of the tip credit and Plaintiffs' entitlement to unpaid wages. The settlement satisfies the *Lynn's Food* standard, and the Court should approve the settlement of Plaintiffs' FLSA claims. As a direct result of this litigation and the settlement negotiations, Plaintiffs believe Defendant has agreed to a settlement that provides Plaintiffs reasonable value in light of the relief intended under the FLSA. The reduction in alleged uncompensated wages sought for purposes of the settlement is a fair compromise in light of Defendant's defenses, recent changes to the operative interpretative guidance from the Department of Labor, factual disputes between the parties regarding the amount of time that Plaintiffs spent performing non-tipped duties, Defendant's good faith defenses to Plaintiffs' claim for liquidated damages, the length of time this action has been pending, and the uncertainty regarding Plaintiffs' chances of recovery. *See, e.g., Villarreal v. Caremark LLC*, No. CV-14-00652-PHX-DJH, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016) (finding that uncertainty and delay of litigation strongly supported the adequacy of the settlement amount agreed to by the parties). Additionally, Plaintiffs' reasonable attorneys' fees and costs of the litigation will be paid by Defendant in accordance with the FLSA and pursuant to the Settlement Agreement.

The $13,050 consists $7,362.96 in costs and $5,687.04 in attorneys' fees. The costs are as follows:

- Certified mail: $27.68
- Complaint filing fees: $2,400
- Notice of appeal: $505
- Third party opening brief and hard copies: $3,785.28
- Third party reply brief and hard copies: $645

The $5,687.04 in attorneys' fees is a heavily discounted amount given the significant lodestar Plaintiffs' counsel has incurred at the District Court and appellate levels. This Court has previously approved damages-to-fees ratios less favorable to the Plaintiffs. *See Fausnacht v. Lion's Den Management LLC*, Case No. 2:15-cv-01561-SMM (Doc. 33) (Apr. 24, 2019) (approving damages of $2,000 for one defendant and fees/costs of $10,911.74); *see also Alarcon v. Arrbiba Enterprises, Inc.*, Case No,. 2:14-cv-00465-SMM (Doc. 68) (May 13 ,2019) (approving damages of $3,000 and fees/costs of $17,500). In light of the foregoing, the Court should approve Plaintiffs' counsel's attorneys' fees and costs as fair and reasonable.

### III. CONCLUSION

This settlement is a product of arms-length negotiations between counsel for the parties and resolves a bona fide dispute over the application of the FLSA's tip credit provisions. The settlement provides Plaintiff with substantial monetary relief that represents a reasonable compromise of the parties' dispute. For these reasons, and those set forth above, the Court should approve the parties' settlement and dismiss this action, with prejudice. A proposed form of Order is attached hereto.

1 | RESPECTFULLY SUBMITTED this 25th day of September 2019.

          Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

          By: s/Tracy A. Miller
              Tracy A. Miller
              Alexandra J. Gill
              2415 East Camelback Road, Suite 800
              Phoenix, Arizona 85016
              Attorneys for Defendant

        Bendau & Bendau PLLC

          By: s/Clifford P. Bendau, II (with permission)
              Clifford P. Bendau, II
              P.O. Box 97066
              Phoenix, Arizona 85060
              cliffordbendau@bendaulaw.com
              Attorneys for Plaintiff

40120226.1