IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarosha Hogan,<br><br>    Plaintiff,<br><br>v.<br><br>American Multi-Cinema Incorporated,<br><br>    Defendant. | No. CV-14-00051-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the parties' global Joint Motion for Settlement Approval and Dismissal of Action with Prejudice. (Doc. 51.) Because this matter involves Fair Labor Standards Act ("FLSA") claims asserted against Defendant, the parties were ordered to submit the settlement agreement to the Court for approval and to ensure its enforceability. (Doc. 46.) After review and consideration, the Court will grant the parties' joint motion and approve the proposed settlement agreement.[1]

**I.    BACKGROUND**

On January 10, 2014, Plaintiff Sarosha Hogan filed a complaint against her former employer, Defendant American Multi-Cinema Incorporated, for alleged minimum-wage violations under the FLSA. (Doc. 1.) On October 28, 2014, the Court granted Plaintiff's motion to consolidate Plaintiff's case with six similar cases.[2] (Doc. 20.) Plaintiff contends

---

[1] Unless otherwise indicated, the Court, rather than cite to each party's separate filings on an issue or argument, will refer to the parties and cite to the documents in the lowest numbered case, which is Hogan v. American Multi-Cinema Incorporated, No. CV 14-00051-PHX-SMM.

[2] In a December 19, 2014 order, Plaintiff Leamon (CV 14-475-PHX-SMM) submitted to the Court a notice of voluntary dismissal, leaving Plaintiff's case consolidated

that Defendant failed to pay her the federal minimum wage for her work as a bartender because, as a tipped employee, she was required to perform non-tipped related duties in excess of 20% of her work. (Doc. 1 at 3-4.)

In an August 5, 2015 Order, the Court granted Defendant's motion for judgement on the pleadings. (Doc. 30.) On August 17, 2015, Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. (Doc. 32.) The Court's decision was reversed and remanded. (Doc. 37.)

The Court then set this matter for a Rule 16 Preliminary Pretrial Conference. (Doc. 38.) In lieu of the Rule 16 Preliminary Pretrial Conference, the parties agreed to attend a Settlement Conference before Magistrate Judge John Z. Boyle. (Doc. 42.) On August 5, 2019, the parties notified the Court that they reached an agreement to settle this matter. (Doc. 45.) The parties now seek approval of their settlement agreement. (Doc. 51.)

**II.    DISCUSSION**

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back-wage claims under the FLSA can be settled or compromised by employees.[3] One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is a FLSA action against Defendant, the parties must seek approval of their settlement agreement to

---

with five similar cases. (Doc. 24.)

[3] While the Ninth Circuit has not specifically addressed the issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007).

ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues. See Lynn's Food Stores, 679 F.2d at 1354.

The Court has reviewed the proposed settlement agreement. (Doc. 51.) According to the proposed settlement agreement, Defendant will pay each Plaintiff $700.00, split equally between W-2 wages (for back wages) and 1099 income (for liquated damages). (Id. at 3.) Defendant will also pay Plaintiff's counsel $13,050.00 in attorney's fees and court costs. (Id.)

The Court finds that the proposed settlement agreement is a fair and reasonable resolution of the issues. First, the Court finds the agreement reasonable because, absent the proposed settlement agreement, the amount of damages owed to Plaintiff would be significantly disputed throughout litigation. Moreover, due to the recent changes in the Department of Labor's interpretative guidance, the Court further finds the proposed settlement agreement reasonable because the uncertainty of the state of the law could expose the parties to additional adverse rulings. Last, the proposed settlement agreement provides reasonable payments to Plaintiff's counsel for attorney's fees and court costs. The payment of $13,050.00 to Plaintiff's counsel will consist of $7,362.96 in court costs and $5,687.04 in attorney's fees. Therefore, the Court will approve the proposed settlement agreement entered into between the parties.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** granting the parties' Joint Motion for Settlement Approval and Dismissal of Action with Prejudice and approving the parties' settlement agreement. (Doc. 51.)

**IT IS FURTHER ORDERED** in CV 14-00051, directing the Clerk of the Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-766, directing the Clerk of the Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-768, directing the Clerk of the Court to

terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-769, directing the Clerk of the Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-1243, directing the Clerk of the Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-1244, directing the Clerk of the Court to terminate this matter in its entirety.

Dated this 2nd day of October, 2019.

Honorable Stephen M. McNamee
Senior United States District Judge